**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALDO VICTOR,**

        **Plaintiff,**

**v.**                                                                                              **Case No: 6:23-cv-682-PGB-EJK**

**EVEREST RECEIVABLE**
**SERVICES, INC.,**

        **Defendant.**

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses (the "Motion") (Doc. 12), filed May 22, 2023. Defendant responded on June 1, 2023, by filing an amended answer. (Doc. 14.) Upon consideration, the Motion is due to be denied.

**I.    BACKGROUND**

On April 14, 2023, *pro se* Plaintiff, Aldo Victor, filed suit against Defendant, Everest Receivable Services, Inc., for allegedly violating the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1.) On May 8, 2023, Defendant filed its answer to the complaint, asserting affirmative defenses that allege that Plaintiff and a third party caused Plaintiff's damages. (Doc. 9.) Plaintiff subsequently filed the instant Motion on May 22, 2023. (Doc. 12.) Defendants thereafter filed an amended answer on June 1, 2023, maintaining that Plaintiff caused Plaintiff's damages, but removed the third

party defense and replaced it with a defense that Plaintiff failed to put Defendant on notice of the issue at hand. (Doc. 14.)

## II. STANDARD

Federal Rule of Civil Procedure 8(b) provides that when a party responds to a pleading, it must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Federal Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Serv.*, 842, F.2d 260, 263 (11th Cir. 1998).

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Reyher v. Trans World Airlines*, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

"By its very definition, '[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance.' Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986)). Further, "[a]n

affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence.'" *Luxottica Grp. S.P.A. v. Cash Am. E., Inc.*, 198 F. Supp. 3d 1327, 1328 (M.D. Fla. 2016) (citing *Wright v. Southland Corp.*, 187F.3d 1287, 1303 (11th Cir. 1999)).

An affirmative defense will be stricken if it is insufficient as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "'An affirmative defense is insufficient as a matter of law only if: (1) on the fact of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (quoting *Microsoft Corp. v. Jesse's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

## III. DISCUSSION

### A. First Affirmative Defense: Plaintiff Caused Plaintiff's Damages

Defendant's First Defense states: "Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's acts and/or omissions." (Docs. 9, 14.) Plaintiff argues that this defense is both legally and factually insufficient under Rule 12(f). While this defense is not, strictly speaking, an affirmative defense, it puts Plaintiff on notice of defenses that Defendant may raise at trial. "To the extent that any of the affirmative defenses are merely statements of law or legal conclusions as argued by Plaintiff, they still serve the laudable purpose of placing the Plaintiff and the Court on notice of certain issues Defendant intends to assert against

Plaintiff's claims." *Dunning v. Tang Thuyen*, No. 8:11-CV-2340-T-33TGW, 2012 WL 882549, at *2 (M.D. Fla. Mar. 15, 2012). Therefore, the Court will not strike this defense.

### B. Second Affirmative Defense: Failure to Put the Defendant on Notice.

Defendant's Second Defense in its amended answer states: "Defendant believes that Plaintiff's alleged notification to Defendant was deficient in that it failed to sufficiently put Defendant on notice of Plaintiff's position concerning the account at issue." (Doc. 14 at 18.) While failure to put Defendant on notice of the issue at hand is not an affirmative defense, it does imply that Plaintiff has failed to state a claim under the FDCPA. *See Aluia v. Dyck-O'Neal, Inc.*, No. 2:15-cv-81-FtM-38DNF, 2015 WL 3719368, at *3 (M.D. Fla. June 15, 2015) (citing *Friere v. Aldrige Connors, LLP*, 994 F. Supp. 2d 1284, 1287 (S.D. Fla. Feb. 4, 2014). ("To state a claim under the FDCPA, a plaintiff must allege . . . the defendant engaged in FDCPA prohibited act or omission.") Under the FDCPA, if Plaintiff notifies Defendant of a refusal to pay a debt, Defendant shall not communicate further with Plaintiff absent certain exceptions. 15 U.S.C. § 1692c(c). Thus, proper notification is a prerequisite for the statutory prohibition. *Id.*

Although failure to state a claim is not an affirmative defense, "[it] is akin to a denial that Plaintiff cannot prove an element of [his] case." *J.G.G. Tobacco Holding Co., Inc. v. Antigua Esteli Tobacco, Corp.*, No. 19-23732-CIV, 2020 WL 4926582, at *2 (S.D.

Fla. May 20, 2020) (treating defense of failure to state a claim as a general denial and denying motion to strike same). Therefore, the Court will not strike this defense.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 30, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE